## L. M. Perry, Appellee, v. Charles J. Gehlbach, Conservator, Appellant.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Action commenced before justice of the peace. Appeal from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the November term, 1909. Affirmed. Opinion filed June 4, 1910.

CHARLES J. GEHLBACH and PETER MURPHY, for appellant.

S. L. WALLACE, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action originally commenced before a justice of the peace by appellee against appellant as conservator of the estate of William Gehlbach. The amount sued for is $32. Trial was had by the Circuit Court without a jury, jury having been waived. The court found the issues for appellee and rendered judgment against appellant for the sum of $32 together with costs, judgment and costs to be paid in due course. From this judgment·the appeal is prosecuted by the conservator.

Upon the trial of this cause appellant admitted the claim of appellee and as a defense thereto insisted upon a set-off for the use of a horse by·appellee belonging to William Gehlbach, ward of appellant. Appellee does not deny the use of the horse, but insists that the horse was only used occasionally while he had it and the feed and care of the horse while in his possession more than compensated for its use. The record discloses that the horse was loaned to appellee merely for temporary use and that appellant or his ward was at liberty to come and get the horse at any time; that appellee had no intention of retaining it, but that it was left in possession of appellee for about thirteen months and only occasionally used together with his other horse; that he cared for and maintained the horse during all of the time it was in his possession. The question whether the horse was so kept by appellee, together with the question as to whether or not the care of the horse, while so used by him, was equal to the value of its use during such time, were questions of fact for the determination of the trial court, and unless this court can say that the finding is manifestly against the weight of the evidence, the judgment ought not to be disturbed by this court. From the evidence as disclosed by this record,

we would not be justified in so finding, but on the contrary, we are of the opinion that the finding of the trial court is correct. The judgment was properly rendered against appellant as conservator to be paid in due course of administration of the estate of his ward.

The questions in this case involved are purely questions of fact, and with a finding by the trial court against appellant, the amount involved did not justify the prosecution of this appeal; it is the duty of a conservator to protect and preserve the estate of his ward and not spend it in useless litigation.

Upon the propositions of law submitted to the court and the holding of the court thereon criticised by appellant, we find that while the third and fourth propositions of law should have been held by the court, it committed no reversible error in refusing to so hold. The questions involved being purely questions of fact, appellant has not been injured by the court's refusing to hold the propositions of law as submitted. The finding of the court on the questions of fact has done ample justice in this case and there being no reversible error in the record, the judgment is affirmed.

*Affirmed.*